ELIZABETH A. STRANGE
First Assistant U.S. Attorney
District of Arizona
ROSALEEN O'GARA
Assistant U.S. Attorney
Arizona State Bar No. 029512
JONATHAN GRANOFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: rosaleen.ogara@usdoj.gov
Email: jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

FILED
RECEIVED       LODGED
              COPY

SEP 2 8 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Mag. No. 18-03295-TUC-N/A (DTF) |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Dennis Dickey, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to an Information, which charges the defendant with a violation of 36 C.F.R. § 261.5, a Class B Misdemeanor.

2. The essential elements of the charge to which the defendant is pleading guilty are:

    a. the defendant caused timber, trees, slash, brush, or grass to burn;

    b. and the defendant did so without a permit;

1                                          TERMS

2        3.      The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements:

                                Maximum Penalties

4. The maximum penalties for a misdemeanor violation of 36 C.F.R. § 261.5 are a fine of $10,000, a term of imprisonment of 6 months, or both, a period of not more than one year of supervised release and up to a 5 year term of probation.

5. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

6. Pursuant to 18 United States Code, Section 3013, the defendant shall pay a special assessment of $25.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

                             Agreements Regarding Sentence

7. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), in exchange for defendant's guilty plea to the misdemeanor violation, the parties agree to a term of probation of 5 years. The defendant further agrees that he will make a public service announcement announcing the terms of this plea agreement subject to the approval of the ~~Department of Interior~~ U.S. Forest Service concerning the cause of the fire in this case.

8. If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

- 2 -

9. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Agreement Regarding Restitution</u>

10. For purposes of this plea, the defendant agrees that the victims include any victim/person/entity who sustained any loss relating to the "Saw Mill" Fire that the defendant agrees he has caused. The defendant specifically agrees as part of this plea agreement to make restitution to the following individuals/entities in the following amounts relating to damages incurred by the fire and/or costs associated with fighting the fire:

(1) U.S. Forest Service -------------------- $5,164,118.64
(2) Bureau of Land Management --------- $562,562.01
(3) State of Arizona ------------------------ $2,345,827.74
(4) Rosemont Copper ----------------------$85,200.73
(5) Robinson Cattle Company -------------$30,359.20

**Total Restitution:**                        **$8,188,069.32**

The defendant also acknowledges that he understands that should the government receive additional information regarding any other individual/entity that sustained a loss (other than the individuals/entities identified above) after the defendant's plea agreement is entered, and, within 60 days after the defendant's sentencing hearing, the government may file a motion to seek additional restitution relating to those losses. The defendant understands that the district court or magistrate will determine the amount of any additional restitution that the defendant has not specifically agreed to in this plea agreement. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea, file any appeal relating to the restitution judgment or to withdraw from this plea agreement.

### Assets and Financial Responsibility

11. The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose [as well as the financial condition of all household members (including but not limited to that of a spouse or child)]; (iv) cooperate fully with the government and the probation officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the probation officer to provide to the U.S. Attorney's Office copies of any and all financial information provided by the defendant to the U.S. Probation Office; (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures); and (vi) submit to an interview in which the defendant will fully and truthfully answer all questions regarding the defendant's past and present financial condition. The defendant agrees that any failure to comply with the provisions in this paragraph that occurs prior to sentencing will constitute a violation of this plea agreement.

12. Regarding payment of Restitution, Defendant specifically agrees to the following:

   A. Defendant consents to the United States Treasury, Thrift Savings Plan (TSP), immediately upon entry of judgment in this case, withdrawing $100,000.00 from his account with TSP so that it may be applied to his Restitution. The United States agrees that at least ten percent shall be withheld by TSP to be applied to his tax liability for the

withdrawal of the year it takes place. Alternatively, if for whatever reason TSP will not withdraw the funds and apply them to Defendant's Restitution, Defendant agrees to, as a condition of probation, withdraw the sum of $100,000.00 from his TSP and apply it to his restitution. Defendant shall work with the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office to process this request.

B. Defendant agrees to pay the sum of $500.00 per month while he is on Probation, beginning 60 days after entry of judgment.

C. After Defendant has successfully completed his term of probation, either the Defendant or the United States may file a Motion with the Court pursuant to 18 U.S.C. § 3664(k) to modify his payment as necessary if there is any significant change to the defendant's financial condition.

D. Nothing in this Agreement prevents the United States from filing a motion at any time, including while the Defendant is on probation, pursuant to 18 U.S.C. § 3664(k) if Defendant's financial condition substantially improves—for example if he receives a substantial windfall—to request a higher payment.

E. In the event Defendant fails to pay $100,000.00 from his TSP account, through either TSP or voluntarily himself, or fails to pay $500.00 per month, Defendant shall be considered in default and his full restitution judgment shall be due immediately and the United States, including the FLU, shall not be limited in any way in its ability to collect Defendant's restitution. As long as the defendant continues to make the monthly payments of $500 or more, the government will not engage in any additional collection efforts for the time period identified in 18 U.S.C. § 3613, or other applicable federal law, unless there is a substantial improvement to the defendant's financial condition.

F. Nothing shall prevent the United States from executing on any asset or property interest that Defendant has failed to disclose prior to judgment as required by this plea agreement.

///

## Waiver of Defenses and Appeal Rights

13.   The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement provided defendant receives a sentence of 5 years of probation and less than $10 million dollars in restitution. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals) including any right to appeal any order of restitution imposed by the magistrate or district court; (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Reinstitution of Prosecution

14.   If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives

any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

<u>Disclosure of Information to U.S. Probation Office</u>

15.  The defendant understands and agrees to cooperate fully with the United States Probation Office in providing: (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

<u>Effect on Forfeiture/Civil Proceedings</u>

16.  Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

<u>WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS</u>

<u>Waiver of Rights</u>

17.  I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights as follows: to plead not guilty; to trial; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the Court for payment of restitution during any period of incarceration; and, to appeal or file any other challenge to my conviction or sentence.

1  18. I agree to enter my guilty plea as indicated above on the terms and conditions
2  set forth in this agreement.

3  19. I have been advised by my attorney of the nature of the charge to which I am
4  entering my guilty plea. I have been advised by my attorney of the nature and range of the
5  possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied
6  with the sentence the court imposes.

7  20. My guilty plea is not the result of force, threats, assurance or promises other
8  than the promises contained in this agreement. I agree to the provisions of this agreement
9  as a voluntary act on my part and I agree to be bound according to its provisions.

10  21. I agree that this written plea agreement contains all the terms and conditions
11  of my plea and that promises made by anyone (including my attorney) that are not
12  contained within this written plea agreement are without force and effect and are null and
13  void.

14  22. I am satisfied that my defense attorney has represented me in a competent
15  manner.

16  23. I am fully capable of understanding the terms and conditions of this plea
17  agreement. I am not now on or under the influence of any drug, medication, liquor, or
18  other intoxicant or depressant, which would impair my ability to fully understand the terms
19  and conditions of this plea agreement.

### Factual Basis

21  I further agree that the following facts accurately describe my conduct in connection
22  with the offenses to which I am pleading guilty and that if this matter were to proceed to
23  trial the government could prove these facts beyond a reasonable doubt:

> On April 23, 2017, near Green Valley, Arizona, in the District of Arizona, DENNIS DICKEY, who at the time was an off-duty Border Patrol Agent, ignited a fire that spread to the Coronado National Forest, federal land administered by the U.S. Forest Service. This fire was referred to as the "Sawmill Fire." DICKEY, who at the time was operating without any permit as required by law, started the fire by shooting a rifle at a target that he had constructed. Inside the target, DICKEY placed an amount of Tannerite, an explosive substance, intended to detonate when shot by a high-velocity firearm bullet. DICKEY fired the shot that exploded the Tannerite target,

- 8 -

which caused a fire that spread to more than 45,000 acres of land managed by the State of Arizona, the U.S. Forest Service, the Bureau of Land Management, and various private landholders. DICKEY immediately reported the fire to law enforcement, cooperated, and admitted that he started the fire. The total losses attributable to the fire, including suppression costs and damage to land and landholdings among others, totaled more than $8 million.

9-28-18
Date


DENNIS DICKEY
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9-28-18
Date

SEAN CHAPMAN
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant U.S. Attorney
District of Arizona

9/28/18
Date

ROSALEEN O'GARA
JONATHAN GRANOFF
Assistant U.S. Attorneys

- 10 -